**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**


**UNITED STATES OF AMERICA**
**Plaintiff**

                                                      **22-035(FAB)**

              **Vs.**


**EDAUARDO ESCARLE BRITO-DONATOR**
**Defendant**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**SENTENCING MEMORANDUM**

**I.      INTRODUCTION**

**I am appointed CJA counsel to Defendant Brito-Donator.   His sentencing is scheduled before Your Honor on August 12, 2024.   He will be sentenced upon a plea agreement reached with the government accepting responsibility.**

**U.S. Probation Officer Camille Machado-Miranda rendered a Presentence Investigation Report dated January 09, 2024 to which we have no objection and adopt the same as part of this memorandum.**

**I am mindful that this, and every sentence, must reflect the seriousness of the case and provide just punishment and deterrence and promote respect for the law.**

**In this memorandum, we request that mercy and leniency in the imposition of sentence taking into consideration "the history and characteristics of the defendant" 18 U.S.C. §3553(a)(1).**

**II.     SENTENCING GUIDELINES CALCULATIONS**

Having entered a guilty plea by accepting a plea agreement, the Presentence Investigation Report prepared by the U.S. Probation Office using the 2023 Guidelines Manual reflects the agreement contained in the Plea Agreement document filed and we adopt the same as correct. Total Offense level is 33. Nevertheless, this do not take into account that defendant qualify for additional considerations for compliance with §2D1.1(b)(18) of the 2023 Guidelines Manual. An additional decrease of two (2) levels should be warranted for an Offense level of 31.

## III.    A VERY BRIEF OVERVIEW OF SENTENCING POST-*BOOKER*

Over nineteen years ago, the power to sentence people was returned to the bench, where it belongs. *See United States v. Booker,* 543 U.S. 220, 226-227 (2005). Sentencing ceased to be driven by a cold chart. *See Gall v. United States,* 552 U.S. 38, 62 (2007) (advisory guidelines are only "the starting point and that initial benchmark,"); *see also Nelson v. United States,* 129 S.Ct. 890, 892 (2009) (guidelines "not to be presumed reasonable ."). The district court is empowered "to conduct an independent review  of the sentencing factors, aided by the arguments of the prosecution and defense" (*United States v. Cavera,* 550 F.3d 180, 184 (2d. Cir. 2008)(en banc)(same)), and make an "individualized assessment based on the facts presented." (*Gall,* 552 U.S. at 597).

The touchstone of the sentencing court's individualized assessment is an analysis of 18 U.S.C. §3553(a):

> (1)    the nature and circumstances  of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational

> or vocational training, medical care, or other correctional  treatment in the most effective  manner;

**(3)**    the kinds of sentences available;

**(4)**    The kinds of sentence and the sentencing range established  for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

**(5)**    any pertinent  policy statement - […];

**(6)**    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)**    the need to provide restitution to any victims of the offense.

*See* **18 U.S.C. §3553(a).**

Ultimately, of course, the overarching goal of sentencing is to ensure that a sentence is <u>"sufficient, but not greater than necessary"</u> to satisfy the purpose of sentencing.

**IV.    DEFENDANTS HISTORY & CHARACTERISTICS and the NATURE & CIRCUMSTANCES OF THE OFFENSE (§3553(a)(1).**

Defendant Brito-Donator is a 24 years old man. Born and raised in Dominican Republic until the age of 15.  He moved to Puerto Rico with his mother. He reunited with her.  He has been a legal resident of the United States.

His Family Ties and characteristics are well documented and are part of the PSR, see PART C.  OFFENDER CHARACERISTIC.  They are hereby adopted.

<u>Defendant's conduct in this crime constituted aberrant behavior when compared to the way and manner in which he has lived all his live.</u>

Defendant, a humble and law abiding citizen, who has lived his life until this moment as a hard working person, has shown repent for his actions and expressed his

**desire to be a new man when he comes out of prison and study  as much as he can while incarcerated.**

Aberrant conduct or its equivalent principle is a mitigating factor under 18 U.S.C. §3553(a). (*See  U.S. v. Howe, 543 F.3d 128(3rd Cir. 2008,* where defendant is that case received downward departure in part because crime was "*isolated mistake…in the context of [the defendant's] entire live.")*.

**At sentencing, the Judge, may use his own sense of what is fair and just.  Let's see that in U.S. v. Jones, 460 F.3d 191 (2nd Cir. 2006) (where defendant convicted of felon in possession and possession of firearm and guideline were 36 months, district court properly imposed non guideline sentence of 15 months when he considered his own sense of was fair and just.  "Although the sentencing judge is obliged to consider all of the sentencing factors outlined n section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances.  That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness.").**

As evidenced by the PSR, defendant has significant positives in his character and background, which the guidelines do not take into account, but which the sentencing Judge is permitted to consider.[1]  This elementary principle of weighting the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justices, was plainly part of

---

[1] U.S. v. Santaya, 493 F. Supp.2d 1075 (E.D. Wisc. 2007)

what Congress had in mind when it directed courts to consider, as necessary sentencing factors, **"the history and characteristics of the defendant."**[2]

Defendant is truly ashamed and repentant for his actions and what it represents to the way and form he was raised.

## V.    Remaining Factors

After taking into consideration defendant's characteristics and personal history, the background history surrounding his particular upbringing, we would like the Court to consider all of what has been said in this memorandum and in the PSR prepared by the Unites States Probation Office to move for leniency at the time of imposition of sentence and request that a sentence in the lower end of the guidelines be imposed.

We would like to remind the Court that "sentencing is an art, not to be performed as a mechanical process but as a sensitive response to a particular crime" (U.S. v. Harris, 679 F.3d. 1179, 1183 (9th Cir. 2013).

## VI.    Mercy warrants a below guideline sentence

Justice Anthony Kennedy, in testimony given before the Senate Judiciary Committee February 14, 2007 stated "Our sentences are too long, our sentences are to severe, our sentences are too harsh … [and because there are so few pardons] **there is no compassion in the system. There's no mercy in the system."**).

## VII.    Conclusion

On behalf of defendant Brito-Donator, we thank Your Honor for considering this memorandum and respectfully request that after taking into consideration the mitigating factors

---

[2] U.S. v. Adelson, 441 F.Supp2d 506 (SDNY)

herein included, sentence defendant to the minimum sentence possible. As stated before, for all practical purposes, we adopt the Presentence Investigation Report as part of this memorandum.

While in custody, defendant requests that he be provided with opportunities to complete a course in English as a second language and receive residential drug treatment program.  Because of his high work ethics, defendant would like to be able to work and receive vocational training to develop skills in carpentry.  Of the institutions that he has heard from that are very complete in educational standards is USP Atlanta.  He request the Court to recommend this institution as the place where he serve his sentence.  He has family near.

As said before: **"Although the sentencing judge is obliged to consider all of the sentencing factors outlined n section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances.**

**WHEREFORE:** We request leniency and that a *sentence sufficient*, ***but not greater than necessary*** be imposed in the present case.

**RESPECTFULLY SUBMITTED**,  in San Juan, Puerto Rico this 11th day of July, 2024.

**I HEREBY CERTIFY,** that on this date I have filed a copy of this document through the court's EM/ECF electronic filing system which will notify all parties of record.

/s/ *Ruben Cerezo-Hernandez*
RUBEN CEREZO-HERNANDEZ
USDC# 204110
PO Box 190912
San Juan, PR 00919-0912
Tel. 787.282.0646/ Fax 787.282.7620
E-mail: ruben@cerezolaw.com